# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Petitioner Below, Respondent**

**vs.)  No. 21-0689** (Kanawha County No. 21-AA-6)

**Timothy Lee Hager,**
**Respondent Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Timothy Lee Hager appeals the August 10, 2021, order denying his motion for a new trial following his conviction for second-degree murder.[1]

Late in the evening of July 11, 2019, petitioner, Joshua Rasnick, and Lindsay Lawrence were drinking alcohol and using drugs at a home owned by one of petitioner's relatives. A fight ensued between petitioner and Mr. Rasnick, who was shot three times. Soon thereafter police officers found Mr. Rasnick dead just inside the front door of the home. Ms. Lawrence told police that she did not see the shooting but did see petitioner grab a gun and follow Mr. Rasnick towards the front door. She said she heard Mr. Rasnick call petitioner a "b---h," petitioner respond, "I'm no b---h," and gunfire.

Early on July 12, 2019, petitioner was found nearby, taken into custody, and questioned by the police. Petitioner stated that he was "drunk" or "half-drunk," however, he was able to complete a *Miranda*[2] form and to describe what he claimed happened. Petitioner said the night before, he, Ms. Lawrence, and Mr. Rasnick were drinking when Ms. Lawrence tried to get Mr. Rasnick to leave so that she could be alone with petitioner. Mr. Rasnick refused to leave, hit Ms. Lawrence, and said "b---h you're gonna come with me." Petitioner then claimed that Ms. Lawrence picked up his gun, shot Mr. Rasnick twice, and ran out of the residence.

During a second interview about eleven hours later, officers again advised petitioner of his *Miranda* rights.  Petitioner initially repeated his claim that Ms. Lawrence shot Mr. Rasnick.

---

[1] Petitioner appears by Ryan J. Flanigan. The State appears by Patrick Morrisey and Mary Beth Niday.

[2] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

However, after an officer told petitioner that gun powder and fingerprint evidence proved he was the shooter, petitioner admitted that he shot Mr. Rasnick. At that time, no such gun powder or fingerprint evidence existed.

Petitioner was indicted for the first-degree murder of Mr. Rasnick. Following a three-day trial, a jury convicted petitioner of second-degree murder. On July 2, 2021, the circuit court sentenced petitioner to a determinate term of twenty-five years in prison. Petitioner now appeals.

In his first assignment of error, petitioner argues that the circuit court erred in denying his motion to suppress his statements to police. Petitioner claims that, during his first interview, he was clearly intoxicated, and during his second interview the officers' false claim of gun powder and fingerprint evidence overbore his will rendering his statement to the police involuntary and inadmissible. The State points out that when petitioner was first questioned by the police, he had the capacity to voluntarily waive his rights because he was able to complete a *Miranda* warnings form, knew that a shooting had occurred the night before, understood why he had been arrested, was able to carry on a conversation, and provided specific details about the shooting. As for petitioner's second statement to the police, the State claims that the police officers' misrepresentations were insufficient to overbear petitioner's will.

> "When reviewing a ruling on a motion to suppress, an appellate court should construe all facts in the light most favorable to the State, as it was the prevailing party below. Because of the highly fact-specific nature of a motion to suppress, particular deference is given to the findings of the circuit court because it had the opportunity to observe the witnesses and to hear testimony on the issues. Therefore, the circuit court's factual findings are reviewed for clear error." Syllabus Point 1, *State v. Lacy*, 196 W. Va. 104, 468 S.E.2d 719 (1996).

Syl. Pt. 1, *State v. Deem*, 243 W. Va. 671, 849 S.E.2d 918 (2020). "In determining the voluntariness of a confession, the trial court must assess the totality of all the surrounding circumstances. No one factor is determinative." Syl. Pt. 7, in part, *State v. Farley*, 192 W. Va. 247, 452 S.E.2d 50 (1994). "Misrepresentations made to a defendant or other deceptive practices by police officers will not necessarily invalidate a confession unless they are shown to have affected its voluntariness or reliability." Syl. Pt. 6, *State v. Worley*, 179 W. Va. 403, 369 S.E.2d 706 (1988).

Prior to both interviews, petitioner was given his *Miranda* warnings, and he acknowledged that he understood that he did not have to talk to the police. Having reviewed the recorded interviews, the circuit court found that, during both interviews, petitioner gave a good recollection of the events that took place and reasonable and appropriate answers to the officers' questions, and that the officers' assertion of non-existent gun powder and fingerprint evidence did not overcome petitioner's will. The trial court concluded "by a preponderance of the evidence that both [of petitioner's] statements were voluntarily made." Having reviewed the record on appeal, we concur with the trial court's conclusion that the statements were voluntary and reliable. Accordingly, we find no error.

In his second assignment of error, petitioner argues that the circuit court erred in denying his motion in limine to preclude Ms. Lawrence's testimony that Mr. Rasnick called petitioner a

"b---h" and that petitioner replied, "I'm no b---h." Petitioner argues that this testimony was inadmissible hearsay under Rules 801 and 802 of the West Virginia Rules of Evidence. We disagree as the subject testimony is not hearsay. *See* W. Va. R. E. Rule 801(c) ("'Hearsay' means a statement that . . . a party offers in evidence to prove the truth of the matter asserted in the statement.") and 801(d)(2) (admissions made by a party opponent are not hearsay). The evidence was also admissible as res gestae. *See* Syl. Pt. 11, *State v. Farley*, 238 W. Va. 596, 797 S.E.2d 573 (2017) ("Events, declarations and circumstances which are near in time, causally connected with, and illustrative of transactions being investigated are generally considered res gestae and admissible at trial." (Citations omitted)). Accordingly, we find that the court did not err in denying petitioner's motion in limine to preclude Ms. Lawrence's testimony.

Affirmed.

**ISSUED:** October 17, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn